## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| GARY CONRAD CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  3:10cv241–HEH |
| | ) |
| DOCTOR WARREN HERCULES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION
**(Dismissing Claims Against Unserved Defendant and
Granting Defendants' Motion for Summary Judgment)**

Gary Conrad Carpenter, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  Carpenter contends that, while incarcerated at the Chesapeake Correctional Center ("CCC"), the defendants[1] provided inadequate medical care for his injured hand in violation of the Eighth Amendment.[2]  The matter is before the Court on Carpenter's failure to serve Pam Smith and the Motion for Summary Judgment filed by the remaining defendants.

### I.  Carpenter's Failure to Serve Smith

Pursuant to Federal Rule of Civil Procedure 4(m), Carpenter had 120 days from the filing of the complaint to serve each defendant.  Here, that period commenced on

---

[1] In addition to Pam Smith, Carpenter named the following individuals and entities as defendants: John R. Newhart, Chesapeake City, Marguett Williams, Conmed, and Warren Hercules (hereinafter, collectively "Defendants").

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

October 26, 2011, when, by Memorandum Order, the Court informed Carpenter that he had 120 days to serve the defendants and the Court issued process for any defendant whose address Carpenter had provided to the Court. Carpenter did not provide the Court with a street address for Smith.

More than 120 days have elapsed since the entry of the October 26, 2011 Memorandum Order. By Memorandum Order entered on February 14, 2012, the Court directed Carpenter to show good cause for his failure to serve Smith. Carpenter has not responded. Accordingly, all claims against Smith will be dismissed without prejudice.

## II. Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment on the ground that, *inter alia*, Carpenter failed to exhaust his administrative remedies for his claim that Defendants denied him adequate medical care for his hand. For the reasons set forth below, the motion will be granted.

### A.    Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and

admissions on file." *Id.* at 324 (internal quotation marks omitted).  When the motion is

properly supported, the nonmoving party must go beyond the pleadings and, by citing

affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed.

R. Civ. P. 56(c) and 56(e) (1986)).  Additionally, "'Rule 56 does not impose upon the

district court a duty to sift through the record in search of evidence to support a party's

opposition to summary judgment.'" *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)

(*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see*

Fed. R. Civ. P. 56(c)(3) ("The court need consider only cited materials, but it may

consider other materials in the record.").[3]

Because the exhaustion of administrative remedies is an affirmative defense,

Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock,*

549 U.S. 199, 216 (2007).  In support of their motion, Defendants have submitted the

---

[3] Additionally, Local Civil Rule 56(B) provides:

> Each brief in support of a motion for summary judgment shall include a
> specifically captioned section listing all material facts as to which the moving
> party contends there is no genuine issue and citing the parts of the record relied on
> to support the listed facts as alleged to be undisputed.  A brief in response to such
> a motion shall include a specifically captioned section listing all material facts as
> to which it is contended that there exists a genuine issue necessary to be litigated
> and citing the parts of the record relied on to support the facts alleged to be in
> dispute.  In determining a motion for summary judgment, the Court may assume
> that facts identified by the moving party in its listing of material facts are
> admitted, unless such a fact is controverted in the statement of genuine issues
> filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B).

Declaration of Major David A. Hackworth[4] (Defs. Mem. Supp. Mot. Summ. J. Ex. 2 ("Hackworth Decl.")), Carpenter's grievance related submissions (Hackworth Decl. Ex. A), and a copy of the CCC's inmate handbook setting forth CCC's grievance procedure (Hackworth Decl. Ex. B).

### B.   Summary of Pertinent Facts

#### 1.   Carpenter's Allegations

Carpenter alleges that he broke his hand on January 23, 2010, but that he had to wait forty days before a doctor performed surgery.[5]  (Am. Compl. (Dk. No. 12).) Carpenter contends that delays in providing medical care resulted in nerve damage to his hand, arm, and neck.  On April 8, 2011, Carpenter left CCC and went to the Virginia Department of Corrections.

#### 2.   CCC's Grievance Procedure

CCC has adopted a formal grievance procedure.  The pertinent rules require that an inmate must attempt to resolve his complaint on an informal level before he files a formal grievance.  (Hackworth Decl. Ex. B 37.)  At the informal level, the inmate should verbally direct his complaint to his housing deputy for resolution or referral.  If the housing deputy or his supervisor is unable to resolve the complaint, the inmate may choose to file a formal grievance.  (*Id.*)

---

[4] Hackworth is the Chief of Administration at the Sheriff's Office for the City of Chesapeake.

[5] The Court received Carpenter's original complaint (Dk. No. 1) on April 5, 2010.

4

All inmate grievances must be filed on an "Inmate Grievance Form" ("the Form"). (*Id.* at 38.) The inmate must complete the Form and file it with any correctional staff member within five (5) days of the date of incident or event that is basis the for the grievance, unless circumstances make it unreasonable to file the Form within that time period. (*Id.*) The correctional staff member receiving the Form will provide his or her signature and the date the grievance was received. The staff member will then forward the Form to either the Correctional Lieutenant or to the supervisor having jurisdiction over the area in question (hereinafter, the "Responder"). (*Id.*) Upon receipt, the Responder will review the Form and issue a written decision in Part 4 of the Form. (Hackworth Decl. ¶ 8.)

If the inmate is dissatisfied with the Responder's decision, the inmate may appeal that decision to the Chief of Corrections for final comment and/or resolution. (Hackworth Decl. Ex. B. 38.) The inmate must state his desire to appeal the Responder's decision in writing within five (5) days of receiving a decision. (*Id.*) The inmate may state his desire to appeal either by signing his name on the appropriate part of the Form or by drafting a letter to the Chief of Corrections ("Final Reviewer").

The Final Reviewer will review both the inmate's statement on the Form and the Responder's decision on the Form. (*Id.* at 39.) The Final Reviewer will then send a written response, called a Final Resolution, to the inmate within five (5) days of receiving the inmate's appeal. (*Id.*) Once the inmate's grievance reaches the Final Reviewer on appeal, the inmate has exhausted his administrative remedies.

### 3. Carpenter's Pertinent Grievances

#### (a) January 24, 2010 Grievance

On January 24, 2010, Carpenter submitted a grievance wherein he complained that he had not received medical care since he broke his hand on January 23, 2010. (Hackworth Decl. Ex. A.) Correctional staff responded that on January 25, 2010, Dr. Hercules had examined Carpenter. Carpenter accepted that resolution of his grievance and did not appeal.

#### (b) February 9, 2010 Grievance

On February 9, 2010, Carpenter submitted another grievance wherein he stated that he was in a lot of pain because of his hand and was not receiving adequate medical care for his hand. On February 12, 2010, Correctional staff informed Carpenter of a scheduled appointment with an outside physician and reminded Carpenter of his current prescription for pain medication. Carpenter accepted that resolution of his grievance and did not appeal.

#### (c) February 14, 2010 Grievance

On February 14, 2010, Carpenter submitted a grievance wherein he complained that the medical staff only provided pain medication only a day and that he never received adequate medical attention for his hand. On February 15, 2010, correctional staff responded that Carpenter had an appointment with Dr. Hercules on February 15, 2010 and assured Carpenter that he had an appointment with a specialist. Carpenter accepted that resolution of his grievance.

### (d)    May 28, 2010 Grievance

On May 28, 2010, Carpenter filed a grievance wherein he complained that his prescription for Elavil had been discontinued.  Carpenter stated that Elavil was the only thing that helped with the pain from his hand.  Correctional staff responded that Carpenter's prescription for Elavil was terminated because Carpenter was caught hoarding the Elavil on numerous occasions.  Carpenter did not accept this resolution of his grievance and appealed to the Final Reviewer.  The Final Reviewer upheld that first level determination of Carpenter's grievance.[6]

### (e)    December 15, 2010 Grievance

On December 15, 2010, Carpenter submitted a grievance wherein he complained that he still was experiencing a lot of problems with his hand, but was not receiving any medical attention.  On December 17, 2010, correctional staff responded that Carpenter had an upcoming medical appointment.  Carpenter accepted that resolution of his grievance.

### (f)    December 29, 2010 Grievance

On December 29, 2010, Carpenter submitted a grievance wherein he complained that his hand hurt and that things were getting worse.  Correctional staff responded that Carpenter had an appointment scheduled and that he should continue to take his current medication until that appointment.  Carpenter accepted that resolution of his grievance.

---

[6] Carpenter's current complaint (Dk. No. 12) does not raise any issue with respect to the denial of pain medication.

### (g)    January 7, 2011 Grievance

On January 7, 2011, Carpenter submitted a grievance stating that he was experiencing a lot of problems with his hand.  On January 13, 2011, correctional staff informed Carpenter that he had another outside appointment scheduled and that it normally takes some time to schedule appointments.  Carpenter accepted that resolution of his grievance.

### C.    Exhaustion Analysis

The pertinent statute provides:  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (1996).  This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands."  *Booth v. Churner*, 532 U.S. 731, 738 (2001).  Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93.  The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Id.* at 90, "'so that the agency addresses the issues on the merits.'"  *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

8

Although Carpenter filed a number of grievances complaining about the quality of medical treatment for his hand, he failed to pursue any grievance complaining about the delay in treatment or inadequacy of treatment for his hand through all available levels of appeal. *See Woodford*, 548 U.S. at 90. Therefore, he failed to satisfy his obligations under 42 U.S.C. § 1997e(a).

Carpenter's May 28, 2010 grievance did not exhaust administrative remedies with respect to the delayed and inadequate medical care that is the subject of Carpenter's suit. Carpenter filed the May 28, 2010 grievance after he filed his original complaint in this action, and thus, that grievance is not relevant to the exhaustion inquiry. *See Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (citing cases from six other circuits). "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing . . . to determine if exhaustion has occurred." *Id.* at 627. "[E]xhaustion *pendente lite* undermines the objectives of section 1997e(a) and . . . the language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur." *Id.* at 628 (citing cases).

"[D]ismissal with prejudice may be appropriate 'where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.'" *McCoy v. Williams*, No. 3:10CV349, 2011 WL 5153253, at *4 (E.D. Va. Oct. 28, 2011)

9

(quoting *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004)).  Carpenter's claims against Defendants fall within this criteria.  (Hackworth Decl. Ex. B 38 (requiring grievance to be filed within five (5) days of the incident or occurrence giving rise to the grievance).) Accordingly, Carpenter's claims will be dismissed with prejudice.

Defendants' Motion for Summary Judgment will be granted.  The action will be dismissed.

An appropriate order will accompany this Memorandum Opinion.

                                     /s/

                                  HENRY E. HUDSON

Date: May 22 2012                 UNITED STATES DISTRICT JUDGE

Richmond, Virginia